PURRINGTON & McCONNELL  
John H. McConnell (JM-6374)  
82 Wall Street - Suite 1110  
New York, New York  10005  
(212) 943-5757  

Received  
July 03, 2008  
U.S.D.C. S.D.N.Y.  
Cashiers

**08 Civ. 6148 (DC)(DF)**

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------x  

ALPINE MARKETING, INC.,  

              Plaintiff,  

  -against-                                    COMPLAINT  

M/V CAP SAN MARCO, her engines,  
boilers, etc., and  
COMPANIA LIBRE DE NAVEGACAO,  

              Defendants.  
-----------------------------------------x  

      The Plaintiff herein by its attorneys, Purrington & McConnell, complaining of the above-named vessel and defendants, alleges upon information and belief:

      FIRST: This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      SECOND: At all material times hereinafter mentioned, plaintiff ALPINE MARKETING, INC., was and still is a domestic corporation existing under the laws of the State of Florida, with an office and place of business at 9300 N.W. 58th Street, Doral, Florida 33178.

1

THIRD: At all material times hereinafter mentioned, defendant, COMPANIA LIBRE DE NAVEGACAO, was and still is a foreign corporation, with an agency and place of business at CSAV Agency LLC, 99 Wood Avenue South, Iselin, New Jersey 08830.

FOURTH: At and during all the times hereinafter mentioned, defendants were vessel-owning common carriers of merchandise by water for hire and owned, operated, managed, chartered and/or controlled the M/V CAP SAN MARCO, and/or controlled container slots aboard the said vessel, which is now or will be during the pendency of this action and process hereunder within the jurisdiction of this Honorable Court.

FIFTH: On or about October 19, 2006, the shipper delivered to the M/V CAP SAN MARCO and defendant 22,176 boxes of fresh mangos, all in good order and condition, in container numbers TRIU-823247-4, CRLU-722601-1, GESU-923473-0, and CRLU-130302-3, and identified by bills of lading numbers CLIBOJA 001877 and CLIBOJA 001878 dated on or about October 19, 2006, which goods as described in the said bills of lading defendants then and there received, accepted and agreed to transport as common carrier from Pecem, Brasil, to the port of Philadelphia, and there deliver the same in like good order and condition as when shipped, all in consideration of agreed freights thereupon paid or agreed to be

paid, and in accordance with the valid terms of said bills of lading above referred to then and there signed and delivered to said shipper by the duly authorized agent of said defendants. A true copy of one of the aforesaid bills of lading, both of which are of the same tenor, is attached hereto and made a part hereof.

SIXTH: Thereafter, the M/V CAP SAN MARCO having on board the aforesaid merchandise sailed from Pecem, and arrived at the port of Philadelphia on or about November 5, 2006.

SEVENTH: Thereafter, the defendants made delivery of the said merchandise, but the 5,544 cartons of mangos in container number CRLU-722601-1 were not in the same good order and condition as when they were shipped, but in a damaged condition.

EIGHTH: By reason of the premises, the M/V CAP SAN MARCO and the defendants breached, failed and violated their duties and obligations as common carriers, and were otherwise at fault in negligence, or otherwise.

NINTH: Defendants actions herein resulting in damage to cargo created a preferred maritime lien in rem in favor of the plaintiff, and against the M/V CAP SAN MARCO.

TENTH: At all material times plaintiff was the shipper, owner, receiver, or the consignee of the shipments described herein, and as holder of the covering bills of lading was entitled to the delivery of said merchandise at destination in the same good order and condition as when shipped, and plaintiff brings this action on its own behalf and as agent and trustee on behalf of and for the interests of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear.

ELEVENTH: Plaintiff has duly performed all duties and obligations on its part to be performed.

TWELFTH: By reason of premises, plaintiff has suffered damages in the sum of $43,000.00, as nearly as may now be determined, no part of which has been paid, although payment thereof has been duly demanded.

WHEREFORE, Plaintiff prays:

1. That the process in due form of law according to the practice of this court in causes of admiralty and maritime jurisdiction may issue against said defendant COMPANIA LIBRE DE NAVEGACAO, citing it to appear and answer under oath all and singular the matters aforesaid;

4

2. That process in due form of law according to the practice of this court in causes of admiralty and maritime jurisdiction may issue against the M/V CAP SAN MARCO in rem, and that all persons having or claiming any right, title or interest therein, be cited to appear and answer all and singular the matters aforesaid, and that the said the M/V CAP SAN MARCO may be condemned and sold to pay the demands as aforesaid;

3. That the Court will order, adjudge and decree that said defendants pay to plaintiff the damages sustained together with interest thereon and the costs and disbursements of this action; and

4. That plaintiff may have such other and further relief in the premises as in law and justice it may be entitled to receive.

Dated:   New York, New York
         July 3, 2008

                                    PURRINGTON & McCONNELL
                                    Attorneys for Plaintiff

                                    By: _/s/ John H. McConnell_____
                                        John H. McConnell (JM-6374)

                                    82 Wall Street
                                    New York, New York 10005
                                    (212) 943-5757

# LIBRA

BILL OF LADING FOR PORT TO PORT AND INTERMODAL SHIPMENT

COMPANHIA LIBRA DE NAVEGAÇÃO
Rio de Janeiro - Brazil

| SHIPPER (NAME AND FULL ADDRESS) | BOOKING NBR | SERVICE | B/L NUMBER |
|---|---|---|---|
| ALPINE DO BRASIL LTDA<br>LOTE 593, NUCLEO 02<br>PROJ SENADOR NILO COELHO<br>PETROLINA - PE - BRASIL<br>PHONE: 55 87 3986-1541 | CLIBLCA0001849 | LRUM | CLIBOJA001878 |

EXPORT REFERENCES
TLI:08049910

| CONSIGNEE (NAME AND FULL ADDRESS) | | FORWARDING AGENT - REFERENCES (NAME AND FULL ADDRESS (F.M.C.) |
|---|---|---|
| ALPINE MARKETING<br>9300 N.W. 58TH STREET, SUITE 201<br>33178, MIAMI - FL - USA<br>CESAR MALDONADO -PHONE:1 305 594 9117 | NOT NEGOTIABLE UNLESS<br>"TO ORDER OF" | |

| NOTIFY (NAME AND FULL ADDRESS) | POINT AND COUNTRY OF ORIGIN OF GOODS |
|---|---|
| CUSTOMIZED BROKERS, INC.<br>7220, NW 36 ST, STE.103<br>33166, MIAMI - FL - USA<br>PATRICIA COMPRES -PHONE:1 305 471 8989 | BRAZIL |

DOMESTIC ROUTING - EXPORT INSTRUCTIONS - ONWARD INLAND ROUTING

| PRECARRIAGE BY (Mode) | PLACE OF RECEIPT BY PRECARRIER<br>PECEM (CEARA), BRAZIL |
|---|---|
| PORT OF LOADING<br>PECEM (CEARA), BRAZIL | OCEAN VESSEL (Vessel/voyage)<br>CAP SAN MARCO/0001S.N |
| PORT OF DISCHARGE<br>PHILADELPHIA, PENNSYLVANIA, U | PLACE OF FINAL DELIVERY BY ONCARRIER<br>PHILADELPHIA, PENNSYLVANIA, U |

## PARTICULARS FURNISHED BY SHIPPER - CARRIER NOT RESPONSIBLE

| MARKS AND NUMBERS | Nº OF PKGS./CNTRS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| ALPINE | 2 | HIGH REEFER 40' CONTAINER<br>44 PALLETS WITH 11.088 CARTONS CONTAINING<br>FRESH MANGOES IN NATURA. TEMPERATURE OF 9°C<br>DURING ALL THE TRIP. FREIGHT COLLECT<br>PESO BRUTO 49896,00<br>RE 06/1625047-001<br>DDE 2061256426/6<br>NET WEIGHT: 44352,00<br>SHIPPER'S LOAD, STOW, COUNT AND SEALED | 49.896,000KGS | |

| Eqp.Id | SEALS | QTY. | Transport Service | L/D | Con | TW | GW |
|---|---|---|---|---|---|---|---|
| TRIU8232474 | VA188897 | 5544 | CY / CY | FCL/FCL | | 5.000,000KGS | 24.948,000KGS |
| CRLU7226011 | VA188355 | 5544 | CY / CY | FCL/FCL | | 5.000,000KGS | 24.948,000KGS |

SHIPPER'S DECLARED VALUE $ (IF NOT DECLARED, LIABILITY LIMIT APPLIES AS PER CLAUSE 16 ):

### TOTAL No. OF CONTAINERS OR PACKAGES RECEIVED BY THE CARRIER:

The number of containers or packages shown in the "TOTAL No. OF CONTAINERS OR PACKAGES RECEIVED BY THE CARRIER" box which are said by the Shipper to hold or consolidate the Goods described in the "PARTICULARS FURNISHED BY SHIPPER - CARRIER NOT RESPONSIBLE" box, have been received by COMPANHIA LIBRA DE NAVEGAÇÃO from the Shipper in apparent good order and condition except as otherwise indicated hereon - weight, measure, marks, numbers, quality, quantity, description, contents and value unknown - for Carriage from the Place of Receipt or the Port of Loading (whichever is applicable) to the Port of Discharge or the Place of Final Delivery (whichever is applicable) on the terms and conditions hereof INCLUDING THE TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF, THE CARRIER'S APPLICABLE TARIFF AND THE TERMS AND CONDITIONS OF THE PRECARRIER AND ONCARRIER AS APPLICABLE IN ACCORDANCE WITH THE TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF.

IN WITNESS WHEREOF THREE (3) ORIGINAL BILLS OF LADING (unless otherwise stated above) HAVE BEEN SIGNED ALL OF THE SAME TENOR AND DATE, ONE OF WHICH BEING ACCOMPLISHED THE OTHERS TO STAND VOID.

FOR/ON OF CARRIER
COMPANHIA LIBRA DE NAVEGAÇÃO
As Agent CENAVE CEARÁ CARGAS E REP LTDA

| FREIGHT CHARGES | RATE | PREPAID | COLLECT | PAYABLE AT |
|---|---|---|---|---|
| OCEAN FREIGHT /UN/USD | | | 6.400,00 | L8A/USNWY |
| SUBMISSION OF CARGO/LL/USD | | | 25,00 | L8A/USNWY |
| CUSTOMER DISBURSEME/UN/USD | | | 3.576,00 | L8A/USNWY |
| EMERGENCY FUEL SURC/UN/USD | | | 304,00 | L8A/USNWY |
| SPECIAL EQUIPMENT /UN/USD | | | 250,00 | L8A/USNWY |
| SECURITY SURCHARGE /UN/USD | | | 12,00 | L8A/USNWY |
| B/L FEE /LL/USD | | | 50,00 | L8A/USNWY |
| CHASSIS USAGE SURCH/UN/USD | | | 120,00 | L8A/USNWY |
| PORT OF DISCHARGE H/UN/USD | | | 1.380,00 | L8A/USNWY |
| BUNKER SURCHARGE /UN/USD | | | 1.400,00 | L8A/USNWY |
| PORT OF LOADING HAN/UN/USD | | | 258,06 | L8A/USNWY |