UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ALPINE MARKETING, INC.,

                   Plaintiff,

     -against-

M/V CAP SAN MARCO, her engines, boilers,
etc., and COMPANIA LIBRE DE NAVEGACAO,

                  Defendants.
----------------------------------------X

08 CIV 6148 (DC)

ANSWER WITH
AFFIRMATIVE
DEFENSES

     Defendant COMPANIA LIBRE DE NAVEGACAO (), by its
attorneys, MAHONEY & KEANE, LLP, answering plaintiff's Complaint,
alleges as follows:

     FIRST:  Defendant  denies knowledge or information
sufficient to form a belief as to the allegations contained in
paragraphs "FIRST", "SECOND" "TENTH" and "ELEVENTH"of plaintiff's
Complaint.

     SECOND:  Defendant  admits at all times mentioned in
plaintiff's Complaint defendant COMPANIA LIBRE DE NAVEGACAO was
and still is a foreign corporation and except as fully set forth
here at length denies the allegations contained in paragraph
"THIRD" of plaintiff's Complaint.

     THIRD:  Defendant CLN  denies each  and  every
allegation contained in paragraphs "FOURTH" "FIFTH", "SIXTH,
"SEVENTH", "EIGHTH", "NINTH" and "TWELFTH" of plaintiff's

Complaint.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH:   The Complaint fails to state a claim  against defendant CLN upon which relief can be granted.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:    Defendant CLN is not liable to  plaintiff on the cause of action alleged in the Complaint.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH:    If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which defendant CLN is exonerated pursuant to the United States Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq., including but not limited to those set forth in § 1304(2)(a-q).

## AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:    If this Honorable Court finds that the plaintiff has suffered damages to cargo for which defendant is liable, said damages must be limited pursuant to 46  U.S.C.A. 1304 (5).

## AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH:     If there was any loss of and/or damage to cargo as alleged in the Complaint, defendant CLN is not liable to

the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:    If there was any loss/and or damage to cargo as alleged in the Complaint, said loss/and or damage was occasioned by causes for which the defendant CLN is exonerated under the Harter Act, 46 U.S.C.A. § 190 et seq.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:    Defendant CLN puts plaintiff to plaintiff's proof of compliance with the provisions for giving of notice and the commencement of suit as provided in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1936

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH:    Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while said goods were in the possession of custody of defendant CLN or on board the carrying vessel(s) arose from the conditions of the goods when delivered to defendants or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not

discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and defendant CLN is not under any liability for any such loss or damage.

AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:    (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for said goods' reception, carriage and preservation, in accordance with the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1936, and the aforesaid bill(s) of lading.

(B) Accordingly, if, while on board the carrying vessel(s), the goods sustained any loss or damage due to any unseaworthiness of the vessels, which is denied, defendant CLN is not under liability therefore.

AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH:  Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1936, and/or the Doctrine of Laches.

AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:    Any  damages  sustained  by  plaintiff,  as alleged  in  the  Complaint,  were  proximately,  directly,  and  solely caused  by  the  negligent  acts  of  third  parties  over  whom  defendant CLN  had  and  has  no  direction  or  control.

AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:    Plaintiff  knowingly  and  intentionally assumed  any  and  all  risks  inherent  in  the  shipment(s)  of  the  goods at  issue  by  sea,  which  is  a  complete  bar  to  recovery.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:  Any  injuries  that  may  have  been  sustained  by plaintiff,  as  alleged  in  plaintiff's  Complaint,  occurred  as  a direct  result  of  plaintiff's  own  negligent  conduct,  and  not  by  any negligence  of  defendant  CLN,  and,  as  such,  plaintiff  is  barred from  recovery  in  this  action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:    Plaintiff  is  guilty  of  culpable conduct  with  regard  to  the  events  giving  rise  to  the  claims  now asserted  in  plaintiff's  Complaint,  and  plaintiff's  recovery,  if any,  must  be  diminished  in  proportion  to  said  culpable  conduct.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

           EIGHTEENTH:    Plaintiff  has  failed  to  mitigate plaintiff's damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

           NINETEENTH:    The herein forum is inconvenient, and the Complaint should be dismissed pursuant to the doctrine of *Forum Non Conveniens*.

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

           TWENTIETH: The action,  or  part  thereof,  is  founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

           TWENTY-FIRST:  Plaintiff has failed to bring defendant CLN within the personal jurisdiction of the Court.

AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

           TWENTY-SECOND:  This Court lacks personal jurisdiction of the defendant CLN.

AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

           TWENTY-THIRD:    Plaintiff  has  failed  to  make  proper service of process upon defendant CLN.

AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE

TWENTY-FOURTH:  This Answer is made without waiver of
any jurisdictional defenses or rights to arbitrate that may exist
between the parties.


WHEREFORE, defendant COMPANIA SUD AMERICANA DE VAPORES
S.A. demands judgment dismissing the Complaint herein, and
awarding CLN costs, fees, including reasonable attorneys fees and
disbursements of this action, and granting to CLN such other and
further relief as this Honorable Court may deem just and proper.

Dated:  New York, N.Y.
        July 16, 2008

                              MAHONEY & KEANE, LLP
                              Attorneys for defendant
                              COMPANIA LIBRE DE NAVEGACAO

                    By:  _____

                              Edward A. Keane (EK 1398)
                              11 Hanover Square at
                              76 Beaver Street - 10th Floor
                              New York, N.Y. 10005
                              (212) 385-1422
                              File # 42/3620/B/08/7


TO:  PURINGTON & McCONNELL
     Attorneys for Plaintiff
     82 Wall Street
     New York, New York  10005
     (212) 943-5757